UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GENNADIY VIZITIV,

Petitioner,

v.

ANDRE QUINONES, *et al.*,

Respondents.

Case No. C26-4451-MLP

ORDER

The petition for writ of habeas corpus (dkt. # 1) is GRANTED.[1] Federal Respondents have expressed their non-opposition to Petitioner Gennadiy Vizitiv's request for habeas relief. (Dkt. # 5 at 1 ("Federal Respondents request that this Court decide whether a writ should be granted based on the Petition and related filings.").) Respondents' non-opposition represents both a concession that the petition has merit and a forfeiture of any argument that they might have raised. *Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [the opposing party] raised.")); *see also Carrillo v. Mullin*, 2026 WL 2815883, at *1

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 3.)

(C.D. Cal. Sep. 18, 2026). Consequently, the Court could grant the petition on this basis alone.[2] The Court also finds, however, that Petitioner has sufficiently established in his petition that he is entitled to release.

Petitioner alleges that he was paroled into the United States in 1998. (Dkt. # 1, ¶¶ 40-41.) In 2011, his immigration proceedings were terminated. (*Id.* ¶ 51.) While living in the United States for decades, Petitioner married a U.S. citizen, has three U.S. citizen children, and has maintained steady employment. (*Id.* ¶¶ 43-44.) On October 22, 2026, while in his work van delivering packages, Petitioner was pulled over, arrested, and detained without prior notice of any reasons or any opportunity to challenge such reasons. (*Id.* ¶¶ 54-55.) One of the officers mentioned an old fishing ticket, but nothing in the record suggests this indicates Petitioner would be a danger or flight risk. (*Id.* ¶ 55.) He states he is eligible to apply for lawful permanent residency and has secured legal assistance to do so. (*Id.* ¶ 58.)

Based on his allegations, the Court concludes that Petitioner's petition demonstrates a basis for release under the Due Process Clause. *See, e.g.*, *E.A.T.-B. v. Wamsley*, 795 F. Supp. 3d 1316 (W.D. Wash. Aug. 19, 2025); *Carrero Sanchez v. Warden, et al.*, No. 2:26-cv-3986, dkt. # 9 at 3 (W.D. Wash. Nov. 16, 2026).

The Court thus concludes that the government's decision to re-detain Petitioner without notice or hearing violated his right to procedural due process and that Petitioner has shown by a preponderance of the evidence that his immigration detention is unlawful.

Accordingly, the Court GRANTS the unopposed petition (dkt. # 1) and ORDERS that:

---

[2] "In our adversarial system of adjudication, we follow the principle of party presentation," meaning that "in both civil and criminal cases, in the first instance and on appeal, we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (citation modified).

(1) Respondents shall release petitioner **no later than November 25, 2026**, on the same conditions that governed his release before his detention;

(2) Respondents shall file a status report no later than **November 30, 2026**, confirming Petitioner's release in compliance with this order;

(3) Respondents must return any property taken from Petitioner at the time of his arrest including personal identification documents (other than a passport) and employment authorization documents;

(4) If Respondents seek to re-detain Petitioner or place any electronic GPS monitoring device on him during the pendency of his removal proceedings, Respondents must provide due process, including written notice and a hearing before a neutral decision maker, and the government must bear the burden to show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community.

(5) The Court will entertain any post-judgment motion for attorney's fees, as requested in the petition. Any fee petition must be filed within the deadline set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 24th day of November, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge